IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ELVIS M. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-283-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income.

The Commissioner moves to dismiss asserting plaintiff failed to exhaust his administrative remedies. In response, plaintiff's counsel simply provides the court with a letter from plaintiff, dated September 3, 2010, in which he states he was not able to file

1 - ORDER

his request for a hearing on time because he was basically homeless and didn't have a stable address. Plaintiff also states that he wasn't receiving his mail regularly and didn't have adequate transportation.

After the administration denied plaintiff's application for benefits initially on December 31, 2008 and on reconsideration on March 12, 2009, the administration advised plaintiff that if he wanted a hearing, he must request one within 60 days of the denial of reconsideration. The notice went to the same address plaintiff listed on his request for reconsideration.

Plaintiff submitted the request for a hearing at least 10 days beyond the 60 day period. The same address was listed on the request as was listed on the request for reconsideration. An administrative law judge (ALJ) advised plaintiff that his request was untimely and gave plaintiff 15 days to provide a statement as to why the request was untimely and warned plaintiff that a failure to respond would result in a presumption of no explanation for the lateness of the request.

Plaintiff did not respond, and the ALJ dismissed the request for a hearing. Plaintiff subsequently requested review by the appeals council, which was denied.

Section 405(g) requires exhaustion of remedies before seeking judicial review. The issue for the court is whether plaintiff's failure to exhaust should be waived.

2 - ORDER

> Following <u>City of New York</u>, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462, we adopted a three-part test for determining whether a particular case merits judicial waiver of § 405(g)'s exhaustion requirement. <u>Johnson</u>, 2 F.3d at 921. "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." <u>Id</u>. (citing <u>Briggs</u>, 886 F.2d at 1139).

<u>Kildare v. Saenz</u>, 325 F.3d 1078, 1082 (9th Cir. 2003).

Plaintiff does not raise a colorable collateral challenge here. Plaintiff's claim is solely for benefits and thus waiver is not appropriate. See <u>Heckler v. Ringer</u>, 466 U.S. 602, 614 (1984) (where the claims for benefits are "inextricably intertwined" with the Secretary's procedures, administrative exhaustion pursuant to § 405(g) must be respected). Moreover, an administrative hearing in this case would have served to develop the record and permit the agency to apply its expertise to the claim, demonstrating that exhaustion would not have been futile. Jurisdiction under section 405(g) is inappropriate and plaintiff fails to otherwise demonstrate jurisdiction to review the denial of his application for benefits. Accordingly, the motion to dismiss is granted.

## CONCLUSION

The Commissioner's motion to dismiss (#12) is granted and this proceeding is dismissed.

DATED this __16th__ day of __November__, 2010.

                                            __S/ Michael R. Hogan__
                                            UNITED STATES DISTRICT JUDGE

3 - ORDER